*Kaye v. Merck*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty one.

PRESENT:　Guido Calabresi,
　　　　　Steven J. Menashi,
　　　　　　　*Circuit Judges,*
　　　　　John G. Koeltl,
　　　　　　　*District Judge.*[*]

_____

ROGER H. KAYE, on behalf of themselves and all others similarly situated, ROGER H. KAYE, MD PC, on behalf of themselves and all other similarly situated,

　　　　*Plaintiffs-Appellants,*

---

[*] Judge John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

v.                                                    No. 20-1097

MERCK & CO., INC.; MEDLEARNING, INC.,

        *Defendants-Appellees.*

_____

*For Plaintiffs-Appellants*:          AYTAN Y. BELLIN, Bellin & Associates LLC,
                                      White Plains, NY (Roger Furman, Los
                                      Angeles, CA, *on the brief*).

*For Defendants-Appellees*:           KIM E. RINEHART, Wiggin and Dana LLP,
                                      New Haven, CT (Jeffrey R. Babbin, Wiggin
                                      and Dana LLP, New Haven, CT; Matthew
                                      H. Geelan, Donahue, Durham & Noonan,
                                      P.C., Guilford, CT, *on the brief*).

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Roger H. Kaye and Roger H. Kaye, MD, PC (together, "Kaye"), bring this putative class action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, alleging that Kaye received an unsolicited fax advertisement from the defendants. The TCPA makes it unlawful to send

"unsolicited" advertisements to fax machines and creates a private right of action entitling the recipient of such a fax to recover $500 in statutory damages. Kaye argues that he consented to receive a fax but did not consent to receive an *advertisement.* Merck & Co. ("Merck") and MedLearning, Inc. ("MedLearning") deny that the fax Kaye received—an invitation to a telesymposium—was unsolicited.

The district court granted summary judgment to Merck and ruled that the faxed invitation was within the scope of the consent granted by Kaye's answering service. For the reasons that follow, we agree and **AFFIRM**. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

The main question is whether the fax Kaye received is sufficiently similar to the one he gave permission to receive.

The TCPA generally prohibits an advertiser from sending advertisements via fax unless it has (1) an established business relationship with the recipient and follows certain requirements, or (2) the recipient's prior express permission or

3

invitation. 47 U.S.C §§ 227(a)(5), (b)(1)(C). The TCPA defines "unsolicited advertisement" as:

> [A]ny material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.

47 U.S.C. § 227(a)(5).

In December 2009, Merck[1] hired MedLearning to manage a series of telesymposia discussing schizophrenia, bipolar disorder, and the use of Saphris, a nongeneric drug used to treat these conditions. As part of the agreement between Merck and MedLearning, the latter was responsible for recruiting all participants from the list provided by the client. To recruit physicians to participate, MedLearning employed callers to telephone physicians on a list provided by Merck.

The callers were instructed to request permission to send a fax invitation to the telesymposium using the following script:

> Hello, my name is ___ and I am calling from MedLearning to invite Dr. ___ to participate in a telesymposium, sponsored by Merck, entitled Important Clinical Information about Schizophrenia and

---

[1] The contract was with Merck's predecessor Schering Corporation, with which Merck merged in 2009.

> Bipolar Disorder. We have several dates and times available. … May I fax an invitation? If Yes obtain the fax number. (Request the name of the person giving permission and mark on record.) Thank you for your time. We will fax the invitation.

Joint App'x 491 (emphases omitted).

On April 28, 2010, a MedLearning representative called Kaye's office and reached the answering service. The representative used the above script and was affirmatively given permission to fax the invitation. Later that day, MedLearning faxed the invitation to Kaye's fax machine.

On September 29, 2010, Kaye sued Merck and MedLearning over the receipt of the fax. On October 30, 2019, Kaye filed a motion for summary judgment. On March 27, 2020, the district court granted summary judgment in favor of Merck. *Kaye v. Merck & Co., Inc.*, No. 3:10-CV-1546, 2020 WL 1492794 (D. Conn. Mar. 27, 2020). The district court concluded that Kaye, by agreeing to receive a faxed invitation to a telesymposium sponsored by Merck, consented to the receipt of an advertisement.

The district court relied on our decision in *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharm., Inc.*, 847 F.3d 92 (2d Cir. 2017), explaining that:

> If, as the Second Circuit has indicated [in *Boehringer Ingelheim*], a fax from a pharmaceutical company inviting a physician to a free seminar

5

is an advertisement, it is unclear to me how agreeing to receive such a fax is not agreeing to receive an advertisement. … In other words, if a fax containing that combination of information is sufficient to be an advertisement, a script containing the *exact same* combination of information—like the one used by defendants here—is sufficient to alert a party that they are consenting to receive an advertisement.

*Kaye*, 2020 WL 1492794, at *4-5. We review the grant of summary judgment de novo. *King v. Time Warner Cable Inc.*, 894 F.3d 473, 476 (2d Cir. 2018).

We agree with the district court. There is a strong nexus between the fax to which Kaye consented and the fax that Kaye received. The fax was an invitation to a seminar on clinical information about medical conditions. It is hard to imagine a symposium (at least one that a physician would want to attend) providing clinical information that does not address treatment. A reasonable doctor would expect a seminar addressing clinical treatment sponsored by Merck to showcase treatments manufactured by Merck. Therefore, Kaye consented to a fax advertisement, and the claim was properly dismissed.

**II**

On September 14, 2018, Merck filed its motion to strike Kaye's class allegations. On March 29, 2019, the district court granted the motion because "individualized inquiry" would be required to determine whether class members had consented to be sent fax advertisements. S. App'x 10. We need not reach

6

Kaye's argument on this point, however. Because, having concluded that Kaye provided his express consent to receive the fax advertisement, Kaye no longer has a cognizable TCPA claim. *See* 47 U.S.C. §§ 227(b)(1)(C), (a)(5). Accordingly, Kaye is not an adequate class representative for any TCPA class action regarding the Merck faxed advertisement, and thus class certification cannot be maintained. *See* Fed. R. Civ. P. 23(a)(4); *see also Irvin v. Harris*, 944 F.3d 63, 71 (2d Cir. 2019) ("[T]he named plaintiffs in a class action cannot represent a class of whom they are not a part, and can represent a class of whom they are a part only to the extent of the interests they possess in common with members of the class." (citation and internal quotation marks omitted)).

Because we conclude that class certification is not available to Kaye, we need not consider his claims with respect to discovery concerning class certification.

\* \* \*

We have considered Kaye's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7